UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HOMESTEAD DAIRY LLC, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | 3:09 CV 194 |
| ) | |
| FURST-McNESS COMPANY, ) | |
|     Defendant. ) | |

## OPINION and ORDER

Plaintiff Homestead Dairy LLC ("Homestead") filed this action seeking a declaratory judgment that a particular contract between it and defendant-seller Furst-McNess Company ("FM") for the purchase of cottonseed does not exist. FM has filed a motion seeking a partial summary judgment pursuant to FED. R. CIV. P. 56(g). Specifically, FM wants the court to rule, with respect to the alleged contract at issue in this case, that Homestead is a "merchant" as the term is defined by Ind. Code § 26-1-2-104 for the purposes of Indiana's version of the Uniform Commercial Code ("UCC"). Homestead has responded to the motion, and designated its response as also supporting its own motion for summary judgment, which will be addressed at the end of this opinion and order.

The FEDERAL RULES OF CIVIL PROCEDURE mandate that motions for summary judgment be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A summary judgment is required, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (commenting on portions of RULE 56(c) which, as of December 1, 2010, are in subpart (a)). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986); *Doe v. R.R. Donnelley & Sons Co.,* 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, the court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.,* 45 F.3d 231, 234 (7th Cir. 1995); *Doe,* 42 F.3d at 443.

These facts are not in dispute. Homestead is a dairy farm. It purchases cottonseed to be used as feed for its dairy cows. Prior to the transaction at issue in this case, it entered into at least five contracts to purchase cottonseed feed from FM: two contracts in 2005, and three in 2008. The contracts were for various tonnages and truckloads of feed, in all approximately 260 truckloads. The purported contract in the present case was for "40 trucks, about 24 tons each." (DE # 34-1 at 4.)

2

Under Indiana law, a "merchant" is:

> [A] person who deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill.

Ind. Code § 26-1-2-104. FM argues that Homestead is a merchant under this definition because "it is apparent Plaintiff is knowledgeable regarding the commodity covered under its history of dealing with Defendant." (DE # 33 at 3.)

In the abstract, this is an interesting question. As explained quite well in *Kimball County Grain Co-op v. Yung*, 200 Neb. 233 (1978), there has been a split in opinion among the states as to whether a farmer who regularly sells his crops becomes a merchant under the Uniform Commercial Code. *Id*. at 239-42 (Brodkey, J., concurring). As FM points out, Indiana has answered this question affirmatively, explaining that farmers who raise crops for the sole purpose of selling them in the market for a profit are "more aptly described as agri-businessmen," and therefore are merchants. *Sebasty v. Perschke*, 404 N.E.2d 1200, 1202 (Ind. App. 1980). FM argues by analogy: "If a farmer who regularly sells grain is a merchant, then a farmer who regularly buys feed for its dairy herd also is a merchant." (DE # 33 at 5.)

This may be a strained analogy. Unlike the farmer in *Sebasty*, a dairy farmer doesn't necessarily by virtue of his occupation hold himself out as having special knowledge and skill in grain transactions; neither does he necessarily "deal" in grain. In other words, while the dairy farmer is likely a merchant with respect to *selling* his herd's

3

produce in the market, does he also become a grain merchant simply because he *buys* large quantities of seed for his own use to feed his herd? The answer would seem to be in some cases yes, and in some cases no, depending on whether the farmer regularly purchases feed in the market, the quantity purchased, and other factors relevant to the farmer's experience in grain dealings. *See Chisolm v. Cleveland*, 741 S.W.2d 619, 620-21 (Tex. App. 1987). The reason that the question in the present case is interesting only in the abstract is that Homestead's counsel has conceded the issue, albeit unintentionally.

In response to FM's motion, Homestead states: "[C]ounsel concedes that if the contract had been entered into, that Plaintiff would be classified as a merchant." (DE # 34 at 3.) In its reply, FM rightly asserts that it "stands to reason, using Plaintiff's rationale, that Plaintiff was also a merchant while any negotiations for the Cottonseed Contract were occurring." (DE # 36 at 2.) Homestead's acquiring the status of "merchant" doesn't depend, as it believes, on whether the contract at issue in the present case came into existence. Instead, it depends on Homestead's history of dealings with FM and, presumably, other suppliers of grain for dairy cattle feed, and the knowledge and expertise that Homestead acquired thereby. *See Milwaukee County v. Northrop Data Systems, Inc.*, 602 F.2d 767, 771 (7th Cir. 1979) (observing that the Official Comment to the Uniform Commercial Code "states that the 'definition of merchant means that even persons such as universities, for example, can come within the definition of merchant if they have regular purchasing departments or business personnel who are familiar with business practices and who are equipped to take any

4

action required'." Homestead's status as a merchant doesn't rise and fall with the particular contract in this case. Instead, by admitting that it was a merchant if the contract existed, Homestead has conceded the larger point. Therefore, FM's motion for partial summary judgment will be granted.

Along with its response to FM's motion for summary judgment, Homestead filed, on July 23, 2010, its own motion for summary judgment. (DE # 35.) The deadline for filing dispositive motions was July 2, 2010. Therefore, FM's motion to strike the motion as untimely (DE # 37) will be granted.

For the foregoing reasons, defendant FM's motion to strike (DE # 37) is **GRANTED**, and Homestead's motion for summary judgment (DE # 35) is **STRUCK**. FM's motion for partial summary judgment (DE # 33) is **GRANTED**. It is established, for the purposes of this action, that Homestead at all relevant times was a "merchant" as defined in Ind. Code § 26-1-2-104. This action will be placed on the trial calendar in a separate notice of trial setting.

**SO ORDERED.**

Date: March 16, 2011

          s/James T. Moody
          JUDGE JAMES T. MOODY
          UNITED STATES DISTRICT COURT